# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

3M INNOVATIVE PROPERTIES COMPANY and 3M COMPANY,

        Plaintiffs,

v.

CENTRAL SOLUTIONS, INC.,

        Defendant.

Civil No. 09-2733 (DWF/JSM)

**CONSENT JUDGMENT**

---

Christopher J. Burrell, Esq., David J. F. Gross, Esq., James W. Poradek, Esq., and Theodore M. Budd, Esq., Faegre & Benson LLP; and Kevin H. Rhodes, Esq., 3M Innovative Properties Company, counsel for Plaintiffs.

Nicholas S. Boebel, Esq., and Niall A. MacLeod, Esq., Myers Boebel & MadcLeod L.L.P., counsel for Defendant.

---

WHEREAS, plaintiffs 3M Company and 3M Innovative Properties Company (collectively, "3M") have charged defendant Central Solutions, Inc. ("Central") with infringement of United States Patent Nos. 6,090,395; 6,534,069; 6,623,744; and 7,081,246 (collectively, "the Asserted Patents") by virtue of Central's making, using, offering for sale, and/or selling certain hydroalcoholic compositions under the brand name DermaCen Lotionized Hand Sanitizer and as a private label product (collectively, "the Accused Products");

WHEREAS, the Court has been advised that the parties have consented to entry of this Judgment;

WHEREAS, having examined the terms of this Consent Judgment, and having concluded that its provisions are appropriate to settle and dispose of all disputes between 3M and Central in this action;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court has jurisdiction over the subject matter of this action, and personal jurisdiction over the parties.  Venue is proper in this District.

2. 3M Innovative Properties Company owns the Asserted Patents, 3M Company is the exclusive licensee of the Asserted Patents, and plaintiffs have standing to bring this action.

3. The Asserted Patents are valid and enforceable.  Central hereby irrevocably waives the right to contest, directly or indirectly, the validity and/or enforceability of the Asserted Patents.  Central hereby irrevocably waives the right to contend in any court, in the United States Patent and Trademark Office, or in any other forum, that the Asserted Patents are invalid or unenforceable, regardless of the product at issue in such other action.  Central hereby irrevocably waives the right to directly or indirectly aid, assist or participate in any action contesting the validity and/or enforceability of the Asserted Patents, except to the extent that Central is required to comply with an order or obligation served upon Central by a governmental body or judicial entity of competent jurisdiction.

4. Central has infringed the Asserted Patents by making, using, offering for sale, and/or selling the Accused Products.

5. Central and its officers, agents, and employees, and those persons in active concert or participation with them who receive actual notice hereof, are hereby permanently enjoined from making, using, offering for sale, selling, and/or importing the Accused Products and products not more than colorably different. Central shall cease immediately any such manufacture, use, sale, offer for sale, and/or importation. The injunction shall not extend beyond the date of the expiration of the Asserted Patents.

6. In any proceeding to enforce this Consent Judgment, Central waives its right to assert non-infringement, invalidity, or unenforceability of the Asserted Patents, and agrees that the only issue regarding liability in such a proceeding is whether a product involved in the proceeding is not more than colorably different than the Accused Products.

7. Central represents and warrants that during the period from its earliest product launch of the Accused Products through the date of execution of this Consent Judgment, Central's gross sales of the Accused Products was approximately Two Hundred Ninety Three Thousand ($293,000.00) US dollars. To compensate 3M for Central's infringement of the Asserted Patents, Central shall pay to 3M the sum of Forty Three Thousand Nine Hundred and Fifty ($43,950.00) US dollars within thirty (30) days of execution of this Consent Judgment.

8.     By July 15, 2010, Central shall serve upon the undersigned counsel for plaintiffs a written declaration, verified under penalty of perjury, confirming that Central has complied with all terms of this Judgment, and that Central has:  (a) ceased all manufacture, offers for sale, and sales of the Accused Products; and (b) destroyed or distributed its entire supply to 3M of all Accused Products.

9.     Central voluntarily relinquishes its right to appeal this Judgment or to challenge it in this Court or in any subsequent legal proceeding.

10.    If Central is found by the Court to be in contempt of, or otherwise to have violated this Judgment, 3M will suffer irreparable harm.  Thus, in addition to the other remedies available to 3M for contempt or violation of this Judgment, Central consents to entry of a Temporary Restraining Order and a Preliminary Injunction upon filing a motion for contempt.  In addition, 3M shall be entitled, in addition to any damages caused by Central's contempt or violation of this Judgment, to recover its attorneys' fees, costs and other expenses incurred in enforcing this Judgment.

11.    Other than as set forth in Paragraph 10 of this Judgment, the parties shall each bear their own attorneys' fees, costs and expenses in this action.

12.    Central's Counterclaims are dismissed with prejudice.

13. This Court shall retain jurisdiction over this action and the parties to this action for purposes of enforcement of this Judgment.

**IT IS SO ORDERED.**

Dated:  June 28, 2010             s/Donovan W. Frank
                                  DONOVAN W. FRANK
                                  United States District Judge

**AGREED AS TO FORM AND SUBSTANCE:**

By: *s/ Theodore M. Budd*  By: *s/ Michael F. Nobrega*

David J.F. Gross (No. 208772)  Michael F. Nobrega
James W. Poradek (No. 290488)  Vice President
Theodore M. Budd (No. 314778)
Christopher J. Burrell (No. 386475)  *Central Solutions, Inc.*
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone:  (612) 766-7000
Fax:  (612) 766-1600
Email: dgross@faegre.com;
jporadek@faegre.com;
tbudd@faegre.com;
cburrell@faegre.com

Kevin H. Rhodes (No. 0318115)
3M INNOVATIVE PROPERTIES
COMPANY
Office of Intellectual Property Counsel
3M Center
P.O. Box 33427
Saint Paul, MN 55144
Telephone: (651) 736-4533
Fax: (651) 737-2948
Email: krhodes@mmm.com

*Attorneys for Plaintiffs 3M Innovative Properties Company and 3M Company*